# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SENTILLION, INC., | ) |
| | ) |
|     Plaintiff and Counterclaim-Defendant, | ) |
| | ) |
| v. | )   C.A. No. 06-013 (SLR) |
| | ) |
| CAREFX CORP., | )   **JURY TRIAL DEMANDED** |
| | ) |
|     Defendant and Counterclaim-Plaintiff. | ) |

## DEFENDANT CAREFX'S
## ANSWER AND COUNTERCLAIMS

Defendant Carefx Corp. ("Carefx") for its Answer to the Complaint of Plaintiff Sentillion, Inc. ("Sentillion"), responds to each of the numbered paragraphs of the Complaint as follows:

1. On information and belief, Carefx admits the allegations of paragraph 1 of the Complaint.

2. Carefx admits the allegations of paragraph 2 of the Complaint.

3. Carefx admits the allegation of paragraph 3 of the Complaint insofar as the Complaint alleges a cause of action for patent infringement except that Carefx denies it has committed any acts of patent infringement.

4. Carefx restates and incorporates by reference its answer to paragraph 3 as if such answer were fully set forth herein.

5. Carefx restates and incorporates by reference its answer to paragraph 3 as if such answer were fully set forth herein.

## Count I (Patent Infringement)

6. Carefx restates and incorporates by reference its answers to paragraphs 1 through 5 as if each answer were fully set forth herein.

7. Carefx admits that U.S. Patent No. 6,941,313 ("the '313 patent") was issued on September 6, 2005, but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 7 of the Complaint.

8. Carefx denies the allegations of paragraph 8.

9. Carefx denies the allegations of paragraph 9, including that it has engaged in any activities constituting infringement of the '313 patent.

10. Carefx denies the allegations of paragraph 10, including that it has engaged in any activities constituting inducing or contributing to infringement of the '313 patent.

11. Carefx denies the allegations of paragraph 11 of the Complaint, including that it has engaged in any activities constituting infringement or willful infringement of the '313 patent.

## CAREFX'S DEFENSES

### First Defense - Noninfringement

12. Carefx has not infringed and is not infringing the '313 patent, either directly, contributorily or by inducement.

### Second Defense – Invalidity

13. The claims of the '313 patent are invalid for failure to comply with one or more of the requirements of 35 U.S.C. §§ 101, 102, 103 and 112.

### Third Defense – Equitable Estoppel

14. Plaintiff's claims are barred under the doctrine of equitable estoppel.

15. Plaintiff misled Carefx, by positive conduct and/or silence, such that Carefx reasonably inferred that plaintiff did not intend to enforce the '313 patent against Carefx.

16. Carefx detrimentally relied on plaintiff's misleading conduct.

17. Based on this reliance, Carefx will be materially prejudiced if plaintiff is allowed to proceed with its claim for patent infringement.

### Fourth Defense - Waiver

18. Plaintiff's claims are barred under the doctrine of waiver.

### Fifth Defense – Unclean Hands

19. Plaintiff's claims are barred under the doctrine of unclean hands.

### Sixth Defense - Prosecution History Estoppel

20. During prosecution of the application that matured into the '313 patent, the applicants made narrowing amendments to the application claims and made representations to the United States Patent and Trademark Office ("PTO") to distinguish prior art and overcome rejections. As a consequence, plaintiff is estopped from relying on the doctrine of equivalents to establish infringement.

## CAREFX'S COUNTERCLAIMS FOR DECLARATORY JUDGMENT

Defendant Carefx, through its attorneys, hereby asserts the following Counterclaims and alleges as follows:

21. Counterclaim-Plaintiff Carefx is a corporation organized and existing under the laws of the State of Delaware having its principal place of business at 8767 East Via de Ventura, Suite 390, Scottsdale, Arizona 85258.

22. On information and belief, Counterclaim-Defendant Sentillion is a corporation organized and existing under the laws of the State of Delaware having its principal place of business at 300 Brickstone Square, Andover, Massachusetts 01810.

23. Sentillion alleges that it is the owner of the '313 patent.

24. Sentillion brought this action and alleges that Carefx has been and is a direct infringer of the '313 patent and that Carefx is inducing and contributing to infringement by others of the '313 patent. There is an actual controversy between Carefx and Sentillion as to the '313 patent.

25. This Court has subject matter jurisdiction over these Counterclaims for declaratory judgment arising under the Patent Laws of the United States pursuant to 28 U.S.C. §§1331, 1338, 1367, 2201 and 2202, and principles of ancillary jurisdiction. Venue is proper in this judicial district under 28 U.S.C. §§1391(b) and (c) and 1400(b).

## COUNT I
## DECLARATION OF NONINFRINGEMENT OF U.S. PATENT NO. 6,941,313

26. Counterclaim-Plaintiff Carefx restates and incorporates by reference the averments of Counterclaim Paragraph Nos. 21 through 25 as if fully set forth herein.

27. This Count is for a declaration that Carefx does not infringe any valid and enforceable claim of the '313 patent.

28. Carefx has not infringed, contributorily infringed or induced others to infringe any claim of the '313 patent.

29. No product sold or marketed by Carefx is covered by any valid and enforceable claim of the '313 patent, either literally or under the doctrine of equivalents.

## COUNT II
## DECLARATION OF INVALIDITY OF U.S. PATENT NO. 6,941,313

30. Counterclaim-Plaintiff Carefx restates and incorporates by reference the averments of Counterclaim Paragraph Nos. 21 through 29 as if fully set forth herein.

31. This Count is for a declaration that each and every claim of the '313 patent is invalid for failure to satisfy the requirements of 35 U.S.C. §§101, 102, 103 and/or 112.

## COUNT III
## DECLARATION OF EQUITABLE ESTOPPEL WITH RESPECT TO U.S. PATENT NO. 6,941,313

32. Counterclaim-Plaintiff Carefx restates and incorporates by reference the averments of Counterclaim Paragraph Nos. 21 through 31 as if fully set forth herein.

33. This Count is for a declaration that Sentillion is barred under the doctrine of equitable estoppel from asserting the '313 patent against Carefx.

34. The doctrine of equitable estoppel precludes enforcement of a patent against a party who was misled by the patentee's conduct and/or silence such that the party could reasonably infer that the patentee did not intend to enforce the patent, the party detrimentally relied on the patentee's misleading conduct and, based on the reliance,

the party will be materially prejudiced if the patentee is allowed to proceed with its claim for patent infringement.

35. Sentillion alleges in its complaint that Carefx infringes the '313 patent. Claims of the '313 patent recite conformity with the Clinical Context Object Workgroup ("CCOW") healthcare interoperability standard.

36. The CCOW standard is directed to visual integration of healthcare applications. Using a technique known as context management, a system implementing the CCOW standard allows healthcare professional users to access patient information from a plurality of disparate sources while giving the impression to the user that he or she is interacting with a single system.

37. As is more fully set out below, on information and belief, a named inventor of the '313 patent, Robert Seliger, while he was an officer and/or employee of Sentillion, actively promoted and was a key participant in the development of the CCOW standard, including chairing and/or serving on the CCOW technical committee which developed the standard. While Sentillion and Mr. Seliger were actively involved in promoting and developing the CCOW standard, Sentillion and Mr. Seliger were filing patent applications directed to implementations of that standard, including the application leading to the '313 patent.

38. On information and belief, the initial version of the CCOW standard was ratified by the Health Level 7 organization ("HL7") in April 1999 and by the American National Standards Institute ("ANSI") in July 1999, and was promulgated by HL7 on or about November 7, 1999. Sentillion filed the initial application from which the '313 patent claims priority on December 11, 2000.

39.     Article 18.03.01 of the HL7 Bylaws, in effect at least as early as October 2002, stated as follows: "COMMITMENT - All participants will identify to HL7 Headquarters, through the issuance of a letter of assurance, any patents or patent applications felt to be applicable to the HL7 Standards. This assurance shall be provided without coercion and shall take the form of either (1) a general disclaimer to the effect that the patentee will not enforce any of its present or future patent(s) whose use would be required to implement the proposed HL7 standard against any person or entity using the patent(s) to comply with the standard or (2) a statement that a license will be made available without compensation or under reasonable rates, with reasonable terms and conditions that are demonstrably free of any unfair discrimination. This assurance shall apply, at a minimum, from the date of the standard's approval to the date of the standard's withdrawal, being irrevocable during that period."

40.     On information and belief, Robert Seliger attended every CCOW technical committee meeting from the inception of the committee in 1996 through 2004. Mr. Seliger is presently co-chair of the committee and he has been co-chair of the committee when various versions of the CCOW standard were adopted, including adoption of the initial version in 1999 by the HL7 and ANSI organizations.

41.     On information and belief, neither Sentillion nor Robert Seliger informed the CCOW technical committee that they prepared and filed patent applications directed to implementations of the CCOW standard, including the application leading to the '313 patent, either prior to or at the time they were actively involved in developing and promoting adoption of the standard.

42. On information and belief, neither Sentillion nor Robert Seliger have ever informed the CCOW technical committee or any other body having authority over the CCOW standard that Sentillion and Mr. Seliger have applied for patents that are directed to implementations of the CCOW standard, including the application leading to the '313 patent.

43. Sentillion and Robert Seliger have promoted the CCOW standard to the healthcare community as a way to provide healthcare more efficiently and with enhanced patient safety. Sentillion's and Mr. Seliger's affirmative conduct and/or silence have led Carefx to believe that the CCOW standard was, and is, an open standard not encumbered by any patents or patent applications, and in particular not encumbered by any patents or patent applications of participants in the development and promotion of the standard. On information and belief, Sentillion and Robert Seliger have publicly promoted the CCOW standard as an open standard during the period of development and promulgation of the various versions of the standard.

44. Carefx was formed in February 2002. Carefx representatives have participated in CCOW technical committee meetings since at least as early as October 2002. A representative of Carefx's corporate predecessor participated in CCOW committee meetings at least as early as October 2001.

45. On information and belief, no representative of Carefx or its predecessors was ever informed prior to on or about September 12, 2005, more than six years after Sentillion and Robert Seliger began active participation in development of the CCOW standard and more than six years after Sentillion and Mr. Seliger began filing patent applications directed to implementations of the standard, that Sentillion had any patents

or patent applications pending directed to the CCOW standard or intended to enforce patents directed to the CCOW standard against Carefx or any other entity.

46. On information and belief, no governing body having authority over the CCOW standard, including HL7 and ANSI, has ever communicated that the CCOW standard was encumbered by any patents or patent applications.

47. Based on the absence of any information to the contrary and, inter alia, the active promotion of the CCOW standard by Sentillion and Robert Seliger, as well as the silence of Sentillion and Robert Seliger as to any patent encumbrances on the CCOW standard, Carefx believed that the CCOW standard was an open standard not encumbered by any patents or patent applications and in particular not encumbered by any patents or patent applications of participants in the development and promotion of the standard.

48. Based on its belief that the CCOW standard was not encumbered by any patents or patent applications, Carefx has marketed and sold products implementing the CCOW standard.

49. Carefx will be materially prejudiced if Sentillion is allowed to proceed with its claim for infringement of the '313 patent.

### COUNT IV
### DECLARATION OF EQUITABLE ESTOPPEL
### WITH RESPECT TO U.S. PATENT NO. 6,993,556

50. Counterclaim-Plaintiff Carefx restates and incorporates by reference the averments of Counterclaim Paragraph Nos. 21 through 49 as if fully set forth herein.

51. This Count is for a declaration that Sentillion is barred under the doctrine of equitable estoppel from asserting recently-issued U.S. Patent No. 6,993,556 ("the '556 patent") against Carefx.

52. Sentillion asserted, in a letter to Carefx dated February 14, 2006, that it is the owner of the '556 patent.

53. In addition to having filed its Complaint asserting infringement of the '313 patent, Sentillion has charged, in the letter to Carefx dated February 14, 2006, that the '556 patent "is directed to context management . . . Carefx markets and sells products that perform context management functions" and that "Sentillion's patience is wearing thin." Claims of the '556 patent recite conformity with the CCOW standard. Sentillion's letter, either alone or in combination with Sentillion's complaint for infringement of the '313 patent, put Carefx in reasonable apprehension of suit on the '556 patent. There is an actual controversy between Carefx and Sentillion as to the '556 patent.

54. While Sentillion and Robert Seliger were actively involved in promoting and developing the CCOW standard, Sentillion and Mr. Seliger were filing patent applications directed to implementations of that standard, including the application leading to the '556 patent.

55. Sentillion filed the initial application from which the '556 patent claims priority on April 7, 1999.

56. On information and belief, neither Sentillion nor Robert Seliger informed the CCOW technical committee that they were preparing and filing patent applications directed to implementations of the CCOW standard, including the '556 patent, either prior to or at the time they were actively involved in developing and promoting adoption of the CCOW standard.

57. On information and belief, neither Sentillion nor Robert Seliger have ever informed the CCOW technical committee or any other body having authority over the

CCOW standard that Sentillion and Mr. Seliger have applied for patents that are directed to implementations of the CCOW standard, including the application leading to the '556 patent.

58. Carefx will be materially prejudiced if Sentillion is not barred from asserting the '556 patent against Carefx.

## COUNT V
## DECLARATION OF TORTIOUS INTERFERENCE

59. Counterclaim-Plaintiff Carefx restates and incorporates by reference the averments of Counterclaim Paragraphs 21 through 58 as if fully set forth herein.

60. This Count is for a declaration that Sentillion has tortiously interfered with Carefx's present and prospective business and contractual relationships.

61. Sentillion has asserted to customers and prospective customers of Carefx that Carefx products and/or implementations of such products infringe one or more patents owned by Sentillion including, but not limited to, Sentillion's publication of its suit against Carefx on the '313 patent.

62. On information and belief, as a result of Sentillion's assertions and threats, customers and prospective customers of Carefx have declined to engage in business and contractual relationships with Carefx or have delayed concluding contracts with Carefx.

63. On information and belief, at the time it asserted to Carefx's customers and prospective customers that Carefx products and/or implementations of such products infringe one or more patents owned by Sentillion, Sentillion had knowledge that the '313 and '556 patents were unenforceable in view of, inter alia, Sentillion's and Robert Seliger's involvement in promoting and developing the CCOW standard and Sentillion's

and Mr. Seliger's silence and/or affirmatively misleading conduct as to any intention to assert patents against implementations of the standard.

64. At all relevant times, Carefx had a valid business relationship or expectancy in connection with its products implementing the CCOW standard. On information and belief, Sentillion had knowledge of such relationship or expectancy.

65. On information and belief, allegations of infringement were made by Sentillion with the knowledge, intent and expectancy that these allegations would interfere with and impair sales of Carefx products. On information and belief, Sentillion continues to threaten and harass customers and prospective customers of Carefx, causing damaging interference with the conduct of Carefx's current and prospective business and contractual relationships. No reasonable basis exists for charging that Carefx's or its customers' activities in implementing the CCOW standard will infringe any valid and enforceable claim of the '313 and '556 patents. Sentillion's activities constitute bad faith conduct.

66. By reason of Sentillion's intentional interference, Carefx has suffered and will continue to suffer damages, including lost sales and profits, that Carefx would have made but for Sentillion's acts. On information and belief, unless enjoined, Sentillion intends to continue its harassment of customers and prospective customers of Carefx.

**COUNT VI
DECLARATION OF VIOLATION OF
SECTION 43(a) OF THE LANHAM ACT**

67. Counterclaim-Plaintiff Carefx restates and incorporates by reference the averments of Counterclaim-Paragraphs 21 through 66 as if fully set forth herein.

68. This Count is for a declaration that Sentillion has made threats and assertions regarding applicability of the '313 and/or '556 patents to products marketed and/or sold by Carefx which threats and assertions constitute a violation of Section 43(a) of the Lanham Act.

69. Sentillion's threats and assertions regarding the '313 and/or '556 patents against customers and prospective customers of Carefx are misleading misrepresentations which misrepresent the nature, characteristics or quality of Carefx products and of the commercial activities of such customers, prospective customers and other persons. Carefx products are articles of interstate commerce and activities regarding the products are carried out in interstate commerce.

70. The acts of Sentillion here complained of constitute a violation of Section 43(a) of the Lanham Act, 15 U.S.C. 1125(a), and have caused and, unless enjoined, will continue to cause irreparable injury to the rights of Carefx for which no adequate remedy at law exists.

## PRAYER FOR RELIEF

WHEREFORE, Carefx respectfully prays for judgment as follows:

    A.    judgment denying all claims and demands for relief asserted by Sentillion in the Complaint and dismissing the Complaint with prejudice;

    B.    judgment declaring that Defendant Carefx does not infringe and has not infringed U.S. Patent No. 6,941,313, directly, contributorily or by inducement;

    C.    judgment declaring that the claims of U.S. Patent No. 6,941,313 do not cover, either literally or under the doctrine of equivalents, any product sold or marketed by Carefx;

    D.    judgment declaring that the claims of U.S. Patents No. 6,941,313 are invalid;

    E.    judgment declaring that Sentillion is equitably estopped from asserting U.S. Patent No. 6,941,313 against Carefx;

    F.    judgment declaring that Sentillion is equitably estopped from asserting U.S. Patent No. 6,993,556 against Carefx;

    G.    judgment declaring that Sentillion has no right or authority to threaten or maintain suit against Carefx or its prospective or actual customers for alleged infringement of the '313 and/or '556 patents;

H.  judgment declaring that Sentillion account to Carefx and be assessed an amount including its attorney fees sufficient to recompense Carefx for Sentillion's wrongful and willful misrepresentations to others concerning the applicability of the '313 and/or '556 patents to Carefx products and for Sentillion's interference with Carefx's current and prospective business and contractual relationships and the resulting loss to Carefx;

I.  judgment declaring that Sentillion and all officers, agents, employees, representatives, and counsel of Sentillion and all persons in active concert or participation with any of them, be enjoined from directly or indirectly (1) charging infringement or instituting any action for infringement of the asserted '313 patent and/or of the '556 patent against Carefx and those in privy with it, and its customers; (2) falsely misrepresenting, either directly or impliedly, that any claims of the '313 patent or the '556 patent are valid and enforceable; and (3) interfering with or threatening to interfere with the manufacture, sale, use, lease or license of any Carefx products;

J.  judgment deeming this to be an "exceptional case" within the meaning of 35 U.S.C. § 285, and awarding Carefx its reasonable attorneys' fees, expenses and costs in this action;

K.  judgment for damages in an amount sufficient to compensate Carefx for the damage caused by Counterclaim-Defendant's false and misleading statements per 15 U.S.C. §1117;

L.  judgment for exemplary damages under the Lanham Act, 15 U.S.C. §1117, of three times the amount of actual damages found to have been sustained by Carefx due to Counterclaim-Defendant's unlawful false and misleading statements;

  M. for attorneys fees under 15 U.S.C. §1117; and

  N. such other and further relief as this Court deems necessary or proper.

### DEMAND FOR JURY

Defendant and Counterclaim-Plaintiff Carefx requests a trial by jury of all issues so triable as of right pursuant to Rule 38(b) of the Federal Rules of Civil Procedure.

POTTER ANDERSON & CORROON LLP

By: */s/ Richard L. Horwitz*

OF COUNSEL:

John W. Osborne
Peter N. Fill
MORGAN & FINNEGAN, L.L.P.
3 World Financial Center
New York, NY 10281-2101
(212)415-8700

Richard L. Horwitz (#2246)
Kenneth L. Dorsney (#3726)
Hercules Plaza, 6th Floor
1313 North Market Street
Wilmington, Delaware 19801
(302) 984-6000
rhorwitz@potteranderson.com
kdorsney@potteranderson.com

Dated: April 3, 2006
726208 / 30132

*Attorneys for Defendant Carefx Corp.*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

**CERTIFICATE OF SERVICE**

I, Richard L. Horwitz, hereby certify that on April 3, 2006, the attached document was hand-delivered to the following persons and was electronically filed with the Clerk of the Court using CM/ECF which will send notification of such filing(s) to the following and the document is available for viewing and downloading from CM/ECF:

Frederick L. Cottrell, III
K. Tyler O'Connell
Richards Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, Delaware 19899

I hereby certify that on April 3, 2006, I have Electronically Mailed the documents to the following non-registered participants:

Matthew B. Lowrie
Aaron W. Moore
Lowrie, Lando & Anastasi, LLP
Riverfront Office Park
One Main Street – 11th Floor
Cambridge, Massachusetts 02142

By: /s/ Richard L. Horwitz
Richard L. Horwitz
Kenneth L. Dorsney
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, Delaware 19899-0951
(302) 984-6000
rhorwitz@potteranderson.com
kdorsney@potteranderson.com

726216