IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SENTILLION, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 06-013 (SLR) |
| | ) | |
| CAREFX CORP., | ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendant. | ) | |

### SENTILLION, INC.'S REPLY TO THE
### COUNTERCLAIMS OF CAREFX CORPORATION

Plaintiff Sentillion, Inc. ("Sentillion"), by its counsel, answers the Counterclaims of Defendant Carefx Corp. ("Carefx"), as follows:

### COUNTERCLAIMS[1]

21. Admitted.

22. Admitted.

23. Admitted.

24. Admitted.

25. No answer is required to the allegations of this paragraph, which consist merely of conclusions of law. To the extent an answer is required, Sentillion denies the allegations of this paragraph.

### COUNT I

26. Sentillion restates and incorporates by reference the averments of paragraphs 21 through 25 as if fully set forth herein.

---

[1] Paragraphs 1 through 20 of defendant's Answer and Counterclaims are defendant's responses to the facts alleged in the plaintiff's complaint and therefore do not merit being addressed in this document.

27.     No answer is required to the allegations of this paragraph, which consist merely of conclusions of law. To the extent an answer is required, Sentillion denies the allegations of this paragraph.

28.     Denied.

29.     Denied.

## COUNT II

30.     Sentillion restates and incorporates by reference the averments of paragraphs 21 through 29 as if fully set forth herein.

31.     No answer is required to the allegations of this paragraph, which consist merely of conclusions of law. To the extent an answer is required, Sentillion denies the allegations of this paragraph.

## COUNT III

32.     Sentillion restates and incorporates by reference the averments of paragraphs 21 through 31 as if fully set forth herein.

33.     No answer is required to the allegations of this paragraph, which consist merely of conclusions of law. To the extent an answer is required, Sentillion denies the allegations of this paragraph.

34.     No answer is required to the allegations of this paragraph, which consist merely of conclusions of law. To the extent an answer is required, Sentillion denies the allegations of this paragraph.

35.     Sentillion admits that it alleges in the Complaint that Carefx infringes the '313 patent. Sentillion denies the remaining allegations of this paragraph.

36.     Admitted.

37.     Sentillion admits that Robert Seliger is a named inventor on the '313 patent

Sentillion further admits that Mr. Seliger was a participant in the development of the CCOW standard while he was an officer and/or employee of Sentillion and that Mr. Seliger chaired and/or served on the CCOW technical committee that developed the standard. Sentillion denies the remaining allegations of this paragraph.

38. Sentillion admits that the provisional application to which the '313 patent claims priority was filed on December 11, 2000. Sentillion denies the remaining allegations of this paragraph.

39. Sentillion admits that the text quoted in this paragraph appears have been taken from a version of Article 18.03.01 of the HL7 Bylaws. Sentillion is without information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and therefore denies those allegations.

40. Sentillion admits that Mr. Seliger is presently co-chair of the CCOW technical committee and that he has been co-chair of the committee when various versions of the CCOW standard were adopted by HL7. Sentillion is without information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and therefore denies those allegations.

41. Sentillion denies the explicit allegations of this paragraph, and, further, denies the implication that either Sentillion or Mr. Seliger was under any obligation to disclose any patent applications to HL7.

42. Sentillion denies the explicit allegations of this paragraph, and, further, denies the implication that either Sentillion or Mr. Seliger was under any obligation to disclose any patent applications to HL7.

43. Sentillion admits that Sentillion and Mr. Seliger have promoted the CCOW standard to the healthcare community as a way to provide healthcare more efficiently and with

enhanced patient safety. Sentillion admits that Sentillion and Mr. Seliger have promoted the CCOW standard as an open standard during the period of the development and promulgation of the various versions of the standards. Sentillion denies the remaining allegations of this paragraph.

44. Sentillion is without information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore denies those allegations.

45. Sentillion is without information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore denies those allegations.

46. Sentillion is without information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore denies those allegations.

47. Sentillion is without information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore denies those allegations.

48. Sentillion is without information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore denies those allegations.

49. Denied.

## COUNT IV

50. Sentillion restates and incorporates by reference the averments of paragraphs 21 through 49 as if fully set forth herein.

51. No answer is required to the allegations of this paragraph, which consist merely of conclusions of law. To the extent an answer is required, Sentillion denies the allegations of this paragraph.

52. Admitted.

53. Sentillion admits the allegations of the first sentence of this paragraph. Sentillion denies the remaining allegations of this paragraph.

54.   Denied.

55.   Sentillion admits that the earliest provisional application to which the '556 patent claims priority was filed on April 7, 1999. Sentillion denies the remaining allegations of this paragraph.

56.   Sentillion denies the explicit allegations of this paragraph, and, further, denies the implication that either Sentillion or Mr. Seliger was ever under any obligation to disclose any patent applications to HL7.

57.   Sentillion denies the explicit allegations of this paragraph, and, further, denies the implication that either Sentillion or Mr. Seliger was ever under any obligation to disclose any patent applications to HL7.

58.   Denied.

## COUNT V

59.   Sentillion restates and incorporates by reference the averments of paragraphs 21 through 58 as if fully set forth herein.

60.   No answer is required to the allegations of this paragraph, which consist merely of conclusions of law. To the extent an answer is required, Sentillion denies the allegations of this paragraph.

61.   Denied.

62.   Denied.

63.   Denied.

64.   Denied.

65.   Denied.

66.   Denied.

## COUNT VI

67. Sentillion restates and incorporates by reference the averments of paragraphs 21 through 66 as if fully set forth herein.

68. No answer is required to the allegations of this paragraph, which consist merely of conclusions of law. To the extent an answer is required, Sentillion denies the allegations of this paragraph.

69. Denied.

70. Denied.

## JURY DEMAND

Sentillion demands a trial by jury on all issues so triable.

### FIRST AFFIRMATIVE DEFENSE

Defendant's counterclaims fail to state a claim for which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Defendant's counterclaims fail for lack of subject matter jurisdiction.

### THIRD AFFIRMATIVE DEFENSE

Defendant's claims for tortious interference fail because the alleged actions were justified and/or privileged.

OF COUNSEL:

Matthew B. Lowrie, BBO No. 563,414
Aaron W. Moore, BBO No. 638,076
Lowrie, Lando & Anastasi, LLP
Riverfront Office Park
One Main Street - 11th Floor
Cambridge, Massachusetts 02142
(617) 395-7000

Dated: April 20, 2006

/s/ K. Tyler O'Connell
Frederick L. Cottrell III (ID NO. 2555)
cottrell@rlf.com
K. Tyler O'Connell (ID NO. 4514)
oconnell@rlf.com
Richards, Layton & Finger, P.A.
One Rodney Square
P.O. Box 551
Wilmington, Delaware 19899
(302) 651-7700
   Attorneys for Sentillion, Inc.

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

**CERTIFICATE OF SERVICE**

I hereby certify that on April 20, 2006, I electronically filed the foregoing document with the Clerk of Court using CM/ECF which will send notification of such filing(s) and Hand Delivered to the following:

Richard L. Horwitz, Esq.
Kenneth L. Dorsney, Esq.
Potter Anderson & Corroon LLP
Hercules Plaza, 6th Floor
1313 North Market Street
Wilmington, Delaware 19801

I hereby certify that on April 20, 2006, I have sent by U.S. Regular Mail, the foregoing document to the following non-registered participants:

John W. Osborne, Esq.
Peter N. Fill, Esq.
Morgan & Finnegan, LLP
3 World Financial Center
New York, New York 10281-2101

K. Tyler O'Connell (#4514)
Richards, Layton & Finger, P.A.
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
(302) 651-7700
Oconnell@rlf.com

RLF1-3005056-1