IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SENTILLION, INC.,<br><br>    Plaintiff and Counterclaim Defendant,<br><br>v.<br><br>CAREFX CORP.,<br><br>    Defendant and Counterclaim-Plaintiff. | Civil Action No.: 06-013 (SLR)<br><br><br><br>**JURY TRIAL DEMANDED** |

## ORDER

At Wilmington this 30th day May of 2006, the parties having satisfied their obligations under Fed. R. Civ. P. 26(f), and the court having conducted a pretrial scheduling conference pursuant to Fed. R. Civ. P. 16 and D. Del. LR 16.2(a) and (b).

IT IS ORDERED that:

1.  **Pre-Discovery Disclosures**. The parties have exchanged the information required by Fed. R. Civ. P. 26(a)(1) and D. Del. LR 16.2.

2.  **Discovery**.

    (a) Discovery will be needed on the following subjects: Infringement and validity of U.S. Patent No. 6,941,313; willfulness of the infringement of U.S. Patent No. 6,941,313; enforceability of U.S. Patent Nos. 6,941,313 and 6,993,556; tortious interference and Lanham Act claims with respect to assertion of U.S. Patent Nos. 6,941,313 and 6,993,556; and damages claimed by both parties.

    (b) All fact discovery shall be commenced in time to be completed by April 1, 2007.

(1) Document production shall be completed on or before November 1, 2006.

(2) Maximum of 50 interrogatories by each party to any other party.

(3) In the absence of agreement among the parties, contention interrogatories, if filed, shall first be addressed by the party with the burden of proof no later than the date established for the completion of document production, with the responsive answers due within thirty (30) days thereof. The adequacy of all such interrogatory answers shall be judged by the level of detail each party provides; i.e., the more detail a party provides, the more detail a party shall receive.

(4) Maximum of 100 requests for admission by each party to any other party.

(5) In the absence of agreement among the parties or by order of the court, no deposition (other than those noticed under Fed. R. Civ. P. 30(b)(6)) shall be scheduled prior to the completion of document production.

(6) Maximum of thirteen (13) fact depositions by plaintiff and thirteen (13) by defendant. Each fact deposition other than of inventors is limited to a maximum of 7 hours unless extended by agreement of the parties. Depositions of inventor(s) may be extended up to, but not exceeding, 14 hours.

(c) Expert discovery shall be commenced in time to be completed by July 1, 2007.

(1) Expert reports on issues for which the parties have the burden of proof due May 1, 2007. Rebuttal expert reports due June 1, 2007.

(2) Expert depositions to be limited to a maximum of 10 hours unless extended by agreement of the parties.

(3) All Daubert motions shall be filed on or before September 1, 2007.

(d) If willfulness has been asserted and absent agreement among the parties, the defendant must inform the plaintiff as to whether it intends to rely on advice of counsel by January 1, 2007. If the decision is to rely on such advice, the scope of discovery shall include the materials provided by defendant to its counsel and whatever other materials related to the issues in dispute that defendant had in its possession at the time the advice was sought.

(e) Supplementations under Rule 26(e) due February 15, 2007 and May 15, 2007.

(f) **Discovery Disputes**.

(1) The Court shall conduct an in-person discovery status conference on November 2, 2006 at 4:30 p.m., the time to be allocated equally among the parties.

(2) The Court shall remain available to resolve by telephone conference disputes that arise during the course of a deposition and disputes over the terms of a protective order.

(3) Absent express approval of the Court following a discovery conference, no motions pursuant to Fed. R. Civ. P. 37 shall be filed.

(g) **Fact Witnesses to be Called at Trial.** Within one (1) month following the close of expert discovery, each party shall serve on the other parties a list of each fact witness (including any expert witness who is also expected to give fact testimony), who has previously been disclosed during discovery and that it intends to call at trial. Within one (1) month of

receipt of such fact witness list, each party shall serve a list of each rebuttal fact witness that it intends to call at trial. The parties shall have the right to depose any such fact witnesses who have not previously been deposed in this case. Such deposition shall be held within one (1) month after service of the list of rebuttal fact witnesses and shall be limited to twenty (20) hours per side in the aggregate unless extended by agreement of the parties or upon order of the court upon good cause shown.

3. **Joinder of other Parties and Amendment of Pleadings.** All motions to join other parties and amend the pleadings shall be filed on or before January 1, 2007.

4. **Settlement Conference.** Pursuant to 28 U.S.C. § 636, this matter is referred to Magistrate Judge Thynge for the purposes of exploring ADR.

5. **Claim Construction Issue Identification.** If the court does not find that a limited earlier claim construction would be helpful in resolving the case, on July 15, 2007, the parties shall exchange lists of those claim terms that they believe need construction and their proposed claim construction of those terms. This document will not be filed with the court. Subsequent to exchanging such lists, the parties will meet and confer to prepare a Joint Claim Construction Statement to be submitted pursuant to paragraph 7 below.

6. **Summary Judgment Motions.** All summary judgment motions shall be served and filed with an opening brief on or before September 1, 2007. Briefing shall be pursuant to D. Del. LR 7.1.2. No summary judgment motion may be filed more than **ten (10)** days from the above date without leave of the court.

7. **Claim Construction.** Lawyers must identify, during the claim construction phase of the case, any claim language that will have a meaning to a person of ordinary skill in the art that differs from the ordinary meaning. Any language not so identified will be construed

according to its ordinary meaning. The parties shall agree upon and file the Joint Claim Construction Statement on August 15, 2007, with the claim chart separately docketed. The parties will file simultaneous opening claim construction briefs on September 1, 2007. Simultaneous response briefs should be filed by October 1, 2007. Issues of claim construction shall be considered by the court in conjunction with the summary judgment motion(s). The hearing on the claim construction and motion(s) for summary judgment will be heard on October 19, 2007 at 10:00 a.m.

8.  **Applications by Motion.** Any application to the court shall be by written motion filed with the clerk. **The court will not consider applications and requests submitted by letter or in a form other than a motion**, absent express approval by the court.

  (a)  **Any non-dispositive motion should contain the statement required by D. Del. LR 7.1.1.**

  (b)  No telephone calls shall be made to chambers.

  (c)  Any party with an **emergency** matter requiring the assistance of the court shall e-mail chambers utilizing the "Email Request for Emergency Relief" and "Opposing Counsel's Response" forms posted on Chief Judge Robinson's website and email the completed forms to slr_civil@ded.uscourts.gov. The email shall provide a short statement describing the emergency. NO ATTACHMENTS shall be submitted in connection with said emails.

9.  **Motions in Limine.** No motions in limine shall be filed; instead the parties shall be prepared to address their evidentiary issues at the pretrial conference and during trial (before and after the trial day).

10. **Pretrial Conference.** A pretrial conference will be held on December 18, 2007 at 4:30 p.m. in Courtroom 6B, Sixth Floor Federal Building, 844 King Street, Wilmington,

Delaware. The Federal Rules of Civil Procedure and D. Del. LR 16.4 shall govern the pretrial conference.

11.     **Trial.** This matter is scheduled for a two week jury trial commencing on January 7, 2008 in Courtroom 6B, Sixth Floor Federal Building, 844 King Street, Wilmington, Delaware. For purposes of completing pretrial preparations, the parties should plan on being allocated a total number of hours in which to present their respective cases.

_____
United States District Judge

RLF1-3015949-2