## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

SENTILLION, INC.,

      Plaintiff and Counterclaim-Defendant,

v.

CAREFX CORP.,

      Defendant and Counterclaim-Plaintiff.

Civil Action No.:  06-13 (SLR)

### STIPULATED PROTECTIVE ORDER

Sentillion, Inc. and Carefx Corp. (collectively the "Parties"), by and through their undersigned counsel, hereby stipulate and agree that the following Protective Order shall govern the use and handling of materials containing trade secrets and other confidential research, development and commercial information.

The Parties further request that the Court enter this Stipulated Protective Order as follows:

IT IS HEREBY AGREED AND ORDERED:

1.    <u>Designation of Confidential Material</u>

      a.    Any person or entity (the "Producing Party") producing materials in discovery or settlement discussions in this action ("Produced Materials") may designate as "Confidential Material" pursuant to this Order any Produced Material that the Producing Party in good faith considers to be proprietary, reflect or reveal a trade secret or other confidential research, development or commercial information in accordance with Fed. R. Civ. P. 26(c)(7), or other information required by law or agreement to be kept confidential.  A Producing Party may also designate as "Confidential Material" that portion of the Produced Materials that is or

contains confidential research, development, financial, technical, marketing, product planning, personal or commercial information which the Producing Party believes in good faith contains information that is presently (or may become) highly sensitive, and which, if disclosed to a competitor, is likely to cause substantial competitive harm which cannot be prevented through the use of less restricted means. The term "Confidential Material," as used herein, refers to all material designated "Confidential" and all copies, excerpts, and summaries thereof, and all information contained therein or derived therefrom.

b.    A Producing Party may designate Source Code (whether in electronic or hardcopy form) as "Highly Confidential: Restricted Technical Material" (hereinafter "Restricted Technical Material"). Such materials shall be subject to all of the provisions of this Protective Order regarding "Confidential" information (except that jury consultants and mock jurors shall not have access to such materials) and shall also be subject to the following additional restrictions discussed in Paragraph 5 of this Order. Where the provisions of Paragraph 5 are more restrictive than other provisions of this Order, the provisions of Paragraph 5 shall apply. Whenever Restricted Technical Material exists in electronic form, it shall be produced by the Producing Party in a mutually agreeable electronic form. To the extent that the Producing Party seeks to provide electronic copies of Restricted Technical Material in an encrypted form, the Producing Party shall use a publicly available encryption product as the parties may agree in writing prior to production, and shall provide the decryption key to the receiving party so that the receiving party may access and read the encrypted Restricted Technical Material.

2.    Labeling of Confidential Material

a.    The designation of information as Confidential or Restricted Technical Material for purposes of this Order shall be made in the following manner:

-2-

(1)     with regard to written material (excluding transcripts of depositions or other pretrial testimony), a legend shall be affixed to each page substantially in the following manner: Bates Number and "Confidential," or "Highly Confidential: Restricted Technical Material";

(2)     with regard to non-written material, such as recordings, magnetic media, photographs and things, a legend substantially in the above form shall be affixed to the material, or a container for it, in any suitable manner; and

(3)     each transcript volume (and related machine readable media, if any) of each deposition and any other pretrial testimony shall be deemed Confidential Material in its entirety, except (1) for material expressly designated Restricted Technical Material either on the record or by letter within 14 days after receipt of the transcript by counsel for the designating party, (2) as otherwise consented to by the Producing Party, or (3) as ordered by the Court. An appropriate legend substantially in the form above shall be affixed to each page of such transcript volume.

b.     Material described in paragraphs 2(a)(l) and (2) made available by a Producing Party to another party for inspection without confidentiality legends shall be deemed to be Confidential Material until labeled copies are provided or shall be deemed to be Restricted Technical Material in the case of Source Code.

c.     Belated Designation: Notwithstanding the obligations to timely designate Confidential and Restricted Technical Material under the foregoing paragraphs 2(a) and (b), nothing contained herein shall preclude a party from later changing that designation by notifying the other party in writing of that change and providing substitute copies bearing the corrected designation; provided, however, that it shall not be deemed a breach of this Order for any action

to have been taken by the party to this lawsuit seeking disclosure of information (the "Requesting Party") or its counsel with respect to such information and consistent with the original designation of such information prior to receipt of such notice. The receiving party shall return or certify the destruction of the misdesignated documents.

      3.    Disclosure And Use of Confidential Material

      a.    Except as provided in subparagraph (c) of this paragraph, Confidential Material, and all copies, excerpts and summaries thereof and material containing information derived therefrom, shall be used solely for purposes of this litigation and shall not be used for any other purpose, including, without limitation, any business or commercial purpose.

      b.    Subject to paragraphs 4-8 and 11 hereof, Confidential Material may be disclosed, summarized, described, revealed, or otherwise made available in whole or in part only in accordance with the terms of this Order, and only to the following persons:

      (1)    outside counsel for the parties in this action who have a need to know such information to fulfill their duties and responsibilities in connection with this litigation, and regular and temporary employees of such counsel (excluding employees or independent contractors who are also employees of the parties or their affiliates) to the extent necessary to assist such counsel in the conduct of this litigation;

      (2)    up to five (5) independent experts and consultants and their staff (excluding current officers or employees of the parties or former officers or employees of the parties who have any pecuniary or financial interest in either of the parties), retained to assist counsel for the parties in the conduct of this litigation;

      (3)    witnesses or potential witnesses in this action (other than directors, officers or employees of the parties or former officers or employees of the parties who have any

-4-

pecuniary or financial interest in either of the parties), and their counsel, provided that the document or non-written material was authored by, created by, received by, or is otherwise established to have been known to the witness or potential witness;

          (4)     the Court and its employees and the jury;

          (5)     court reporters;

          (6)     photocopy services;

          (7)     graphics, design, or other consultants retained to prepare demonstrative or other exhibits for use in this action;

          (8)     non-technical jury or trial consultants;

          (9)     document management, imaging, and database services and consultants retained to set up, maintain, and/or operate litigation databases; and

          (10)    others as to whom the Producing Party has given written consent.

        c.     This Order shall not apply to (1) a Producing Party's use of its own Confidential Material for any purpose or (2) a person's use of documents or other information developed or obtained independently of discovery in this action for any purpose.

        d.     This order shall not restrict any attorney who is a qualified recipient under the terms of Paragraph 3(b)(l) from rendering advice to his or her client with respect to this action, and in the course thereof, from generally relying upon his or her examination of Confidential Material. In rendering such advice or in otherwise communicating with the client, the attorney shall not disclose directly or indirectly the specific content of any Confidential Material of another person or party where such disclosure would not otherwise be permitted under the terms of this Order.

        4.     <u>Notice And Acknowledgement Of Order</u>

a.    Every person to whom Confidential Material or information contained therein is to be disclosed, summarized, described, characterized, or otherwise communicated or made available in whole or in part first shall be advised that the material or information is being disclosed pursuant and subject to the terms of this Order.

b.    Furthermore, all persons listed in Paragraphs 3(b)(2)-(3) and (5)-(10) to whom disclosure of Confidential Material is intended shall confirm their understanding and agreement to abide by the terms of this Order by signing a copy of the acknowledgement attached as Exhibit A.

5.    <u>Handling Source Code</u>

a.    "Source Code" is defined herein as code and accompanying statements for the programming of computers written in a high-level or assembly language that are readable by humans and electronic or non-electronic design documents that reveal the internal structure of the program.

b.    Counsel for the requesting party may relinquish or transfer possession or control of any particular copy of a Producing Party's Restricted Technical Material to an outside expert or consultant who has been retained by such counsel for the requesting party to assist in the prosecution, defense or settlement of this Action only if all of the provisions of Paragraph 6 of this Order and all of the following conditions are also satisfied:

(1)    Such expert or consultant may not be, and no member of such expert's or consultant's staff, if any, may be

(a)    A party to this Action or an officer, director, or employee of a party to this Action or any affiliate of such party; or

(b)    An officer, director or employee of a competitor of a party

-6-

to this Action involved in the development of software products that are similar in function to any of the software tools at issue in this litigation or any affiliate of such competitor;

(2)    Such expert or consultant must agree (a) not to accept employment with a party to this Action for a period of one year from the conclusion of the expert or consultant's services in this matter, with the exception that said expert or consultant may act as an expert or consultant on behalf of the same party for which said expert has been retained in this Action, provided that any expert so acting must not use, disclose, or otherwise access any information subject to this Protective Order and (b) not to accept any employment for a period of one year involving participation in development of software products that are similar in function to any of the software tools at issue in this litigation, and in the case of such employment must not use, disclose, or otherwise access any information subject to this Protective Order.

c.    Copying Restricted Technical Material: The Source Code of a Producing Party existing in any medium may only be copied by a person permitted access to Restricted Technical Material under the terms of this Order, and only in accordance with the following provisions:

(1)    The Restricted Technical Material of a Producing Party may be copied into the hard drive and/or into the RAM of no more computers than are necessary for the prosecution or defense of the claims in this Action. The receiving party shall maintain a written record of any and all copies of Restricted Technical Material, including in such record the identification of each and every computer into which such copy has been made, including without limitation any backup copies.

(a)    Any computer into whose hard drive and/or into whose RAM the Restricted Technical Material of the Producing Party is copied must, prior to or

contemporaneously with such copying, be equipped with a password protection function for logging-on. Each such computer must be equipped with a lockout/screen saver function having a "timeout" period often (10) minutes or less, and the password for such password protection and lockout/screen saver functions shall be known only to those persons permitted access to Restricted Technical Material. Such password protection and lockout/screen saver function shall remain in operation continuously during any period that such computer is in use while the Restricted Technical Material of a Producing Party remains on such computer; provided, however, notwithstanding the foregoing, if counsel for Plaintiff and counsel for Defendant agree in writing beforehand, an alternative security mechanism may be substituted for such password protection and lockout/screen saver functions on any particular computer. Persons accessing any Restricted Technical Material shall also "log out" when leaving the computer.

(b)    When not in use, any electronic copies of a Producing Party's Restricted Technical Material that were produced in encrypted form must be kept in encrypted form. Brief, unencrypted excerpts of Restricted Technical Material may be included in the text of legal memoranda or other word processing documents provided that electronic versions of such documents are password protected.

(c)    Any computer into whose hard drive and/or into whose RAM the Restricted Technical Material of the Producing Party is copied must remain in the direct control of persons permitted access to Restricted Technical Material. Restricted Technical Material may not be transmitted over a local area network, or a wide area network or other network, except where such material is maintained in an encrypted form when not in use, access to such material is restricted to persons authorized to access Restricted Technical Material, and such network is protected by a secure firewall.

-8-

(2)    Restricted Technical Material may only be printed onto paper by a person permitted access to Restricted Technical Material if all of the following conditions are met:

(a)    Except in the case of exhibits used in depositions and hearings, paper copies of Restricted Technical Material may be maintained only at the offices of persons permitted access to Restricted Technical Material;

(b)    Paper copies of a Disclosing Party's Restricted Technical Material must remain in the direct control of persons permitted access to Restricted Technical Material; and

(c)    Restricted Technical Material printed onto paper shall be designated as "Highly Confidential: Restricted Technical Material" and all provisions of this Protective Order applying to Restricted Technical Material shall apply thereto.

(3)    Within 30 calendar days of the final disposition of the Action:

(a)    All copies of Restricted Technical Material must be returned to the Producing Party or destroyed by crosscut shredding;

(b)    Each person who had access to Restricted Technical Material must sign a declaration that shall be sent to the Producing Party certifying that to the best of the person's knowledge;

(i)    the original copy produced of Restricted Technical Material had been returned to the Producing Party; and

(ii)    every copy, whether whole or partial, in electronic or paper format, of the RESTRICTED TECHNICAL MATERIAL has been deleted in its entirety through the use of a disk utility program such as Norton Utilities or its equivalent, to

rewrite the free disk space so that deleted files may not be recovered absent extraordinary efforts, if at all, or in the case of paper copies, permanently destroyed by cross-cut shredding on site.

(c)    Counsel for the parties shall state in writing that, to the best of their knowledge, the requirements of this Section have been met.

(d)    Notwithstanding the foregoing, outside counsel may retain for archive purposes only one (1) electronic and one (1) paper copy of all pleadings exchanged by the parties or filed with the court that contain Confidential Information (including Restricted Technical Material). As used herein, the term "pleadings" does not include trial exhibits.

d.    A Producing Party's Restricted Technical Material and any portions thereof may not be transported by any means outside the direct control of a person permitted access to Restricted Technical Material, except for shipments of the same on physical electronic media (e.g., diskette) or paper via Federal Express or other similar courier directly from one person permitted access to Restricted Technical Material to another. Under no circumstances may Restricted Technical Material be transmitted electronically, except as set forth in Section 5(c)(l)(c), and except that excerpts of or reports containing Restricted Technical Material may be electronically transmitted in encrypted form between counsel and their experts and consultants.

e.    No computer having a copy of a Producing Party's Restricted Technical Material in its hard drive and/or in its RAM, and no paper copies of Restricted Technical Material may be transported by any means or in any medium at any time to any place authorized by this Protective Order except in compliance with Subsection 5(c).

6.    <u>Notification Of Intent To Disclose And Objections</u>

a.    Before a party may disclose information designated by any other party as Confidential Material to any person listed in Paragraphs (b)(2), 3(b)(3) that party shall, at least

-10-

10 business days prior to such disclosure, notify the Producing Party in writing, of its intent to disclose Confidential Material. Such notification shall state whether the person will have access to Confidential information and shall include the name, current address and employment affiliation (including job title, if any) of the person to whom such disclosure is proposed. With respect to persons listed in paragraph 3(b)(2), the notification shall include a current resume or curriculum vitae from the person that lists all employers and clients to whom the expert or consultant has provided services in the past five (5) years (except where disclosure of employers or clients would be prohibited by a court order or nondisclosure agreement, in which case a redacted copy of such court order or nondisclosure agreement shall be provided to opposing counsel to verify the existence of the non-disclosure obligations). The notification shall include a copy of the signed acknowledgement made in conformance with Paragraph 4(b) of this Order.

      b.    The notification and signed acknowledgement shall be delivered by hand and/or by facsimile transmission with confirmation by overnight courier. Notification to Sentillion, Inc. shall be delivered to: Matthew B. Lowrie or Aaron W. Moore, Lowrie, Lando & Anastasi LLP, One Main Street, Cambridge, MA 02142. Notification to Carefx Corp. shall be delivered to: John W. Osborne or Peter N. Fill, Morgan & Finnegan, L.L.P., 3 World Financial Center, New York, NY 10281-2101.

      c.    A Producing Party receiving a notification of intent to disclose Confidential Material may object to the proposed disclosure by giving written notice of such objection to the party seeking to make the disclosure. Such notice shall be delivered in accordance with subparagraph (b) above within 10 business days of receipt of the notification of intent to disclose to which objection is made. If an objection is made, the proposed disclosure shall not take place until the objection is resolved by the parties or the Court. Failure to object

-11-

within the time period set forth above shall be deemed a consent. If the objection cannot be resolved by the parties, either party may seek relief from the Court, but the party making the objection shall have the burden of proof that the intended disclosure should not occur.

     7.    <u>Examination of Witnesses</u>

     a.    Any current employee or expert witness of a party may be examined at trial or upon deposition concerning any Confidential Material of such party.

     b.    Any other person may be examined as a witness at trial or upon deposition concerning any Confidential Material which that person had lawfully generated, received or which was otherwise known to or communicated to that witness prior to and apart from this litigation. During examination or preparation therefor, any such witness may be shown Confidential Material which appears on its face or from other documents or testimony to have been generated or received by that witness or communicated to that witness.

     8.    <u>Inadvertent Production Of Privileged Or Confidential Material</u>

     a.    If information subject to a claim of attorney-client privilege, attorney work product immunity or any other legal privilege protecting information from discovery is inadvertently produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege, work product immunity, or other group for withholding production to which the Producing Party or other person otherwise would be entitled. If a written claim of inadvertent production is made pursuant to this paragraph, with respect to information then in the custody of another party, upon receipt of such written notice, such party promptly shall return to the claiming party or person that material and all copies or reproductions thereof of which the receiving party is aware in whatever form these materials exist. The party returning such material may subsequently move the Court for an Order

compelling production of the material, but such motion shall not rely upon in any manner or assert as a ground for entering such an Order the fact or circumstances of the inadvertent production nor shall it disclose the substance of the inadvertently produced material except to the extent that an *in camera* inspection of the materials is requested.

        b.      Inadvertent failure to designate any material which a Producing Party claims should be Confidential Material will not be deemed a waiver of the right to make that designation. That party to whom such inadvertent disclosure is made, shall upon written request by the Producing Party, treat such material as Confidential Material in accordance with this Order. Upon receipt of such written notice, the party who received the previously undesignated Confidential Material shall make all reasonable efforts under the circumstances to (1) retrieve all such material disclosed to persons other than those authorized in accordance with Paragraphs 3-6 hereof for access to such information, and (2) prevent further use or disclosure of the information contained in the previously undesignated Confidential Material by persons other than those authorized in accordance with Paragraphs 3-6 hereof for access for such information.

        9.      <u>Obligations of Outside Counsel</u>

It shall be the responsibility of outside counsel to ensure strict compliance with the provisions of this Protective Order in their dealings with Confidential Material, and it shall be the responsibility of outside counsel to take reasonable and proper steps to ensure that this Protective Order and all provisions thereof are made known to any person who shall examine Confidential Material as provided herein. All persons responsible for determining that materials as provided in Paragraph 1 contain Confidential Material shall he familiar with this Order and the scope of its protection. All Confidential Material including any and all copies thereof shall be kept by outside counsel in a place appropriately safe, given its status. Copies of Confidential

-13-

Information may be made only to the extent reasonably necessary to conduct this Action. This includes, but is not limited to, such things as making photocopies and storing digital images of the documents in a reasonably secure manner and the coding and retrieval of the same.

10. Pleadings

a. All papers, documents, and transcripts or other materials containing or revealing the substance of Confidential Material or Restricted Technical Material shall be filed in sealed envelopes marked "Confidential Under Protective Order entered _____ [date] — designated Confidential Material by _____ [Party]" or "Highly Confidential: Restricted Technical Material Under Protective Order entered _____ [date] — designated Highly Confidential: Restricted Technical Material by _____ [Party]."

b. All such filed Confidential or Restricted Technical Material shall be maintained by the Clerk under seal.

c. A second copy of any Confidential or Restricted Technical Material filed with the Clerk may be delivered to a Judicial Officer, if permitted, to bring the Judicial Officer's attention to matters requiring immediate action.

11. Conclusion of the Litigation: Within thirty (30) days after entry of a final judgment or dismissal with prejudice in this litigation (including appeals or petitions for review), or the execution of a settlement agreement among all the parties finally disposing of all issues raised in this litigation, outside counsel and all other persons having possession or control of another party's Confidential Material thereof shall: (a) return (or destroy by crosscut shredding) all Confidential Material and any copies thereof to the appropriate outside counsel who produced the Confidential Material; and (b) destroy any notes, summaries, digests, synopsis, electronic

-14-

databases, or other documents or systems containing Confidential Material added by outside counsel or any other person after production. Each party shall give written certification of such return and to the extent applicable of such destruction to outside counsel for the Producing Party.

Notwithstanding the foregoing, outside counsel may retain one (1) copy of any document containing Confidential Material solely for archive purposes and shall be at all times subject to the terms of this Order. The provisions of this Order shall survive with respect to any retained Confidential Material.

12.    Contested Designations: A party shall not be obligated to challenge the propriety of designating any Confidential Material at the time such designation is made, and failure to do so shall not preclude a subsequent challenge thereto. In the event that a party disagrees at any stage of these proceedings with the designation by the Producing Party of any information as Confidential Material, the parties shall try first to resolve such dispute in good faith on an informal basis. If the dispute cannot be resolved, the objecting party may seek appropriate relief from the Court but the party seeking to restrict disclosure of information shall bear the burden of proof that it constitutes Confidential Material. This Order shall be without prejudice to any party to bring before the Court at any time the question of whether any particular information is or is not, in fact Confidential Material. While Confidential Material shall remain under the protection of this Order until otherwise ordered by the Court, in considering the issue nothing shall be regarded by the Court as Confidential Material protected hereunder if it is demonstrated that such information either:

a.    is in the public domain at the time of disclosure;

b.    becomes part of the public domain through no fault of the Requesting Party or third parties who are not in breach of any obligations of confidentiality;

-15-

c.    is information the Requesting Party can show was in its possession prior to the time of disclosure without restriction on disclosure; or

d.    is information the Requesting Party receives from a third party properly and rightly in possession of said information, and not as a result of any breach of confidentiality, and properly and rightfully authorized to make disclosure without restriction as to disclosure.

13.    Non-waiver:  The production of Documents by a party under the terms of this Order and in response to a request by opposing party shall not be construed to mean that the party producing the Document has waived any obligation to the production, relevancy, or admissibility of said Document. Nothing contained herein shall preclude any party from opposing any discovery on any basis.

14.    Trial Procedure:  The parties agree to jointly request that the Court implement appropriate procedures to protect Confidential Material which may be disclosed at the trial or any hearing in this matter consistent with the spirit and scope of this Order.

15.    Additional Parties:  If an additional party joins or is joined in this litigation, the newly joined party shall not have access to Confidential Material until the parties agree to a supplemental Protective Order governing the protection of Confidential Material.

16.    Attendance At Proceedings:  If a deposition concerns Confidential Material, the Producing Party shall have the right to exclude from the portion of the deposition concerning such information any person not authorized in accordance with paragraphs 3-7 hereof to have access to such material.  All persons not authorized in accordance with Paragraphs 3-7 hereof for access to Confidential Material may be excluded from the trial and any hearings and conferences in this action.

17.    Unauthorized Disclosure:  In the event of disclosure of any Confidential Material

-16-

to a person not authorized for access to such material, the party responsible for having made, and any party with knowledge of, such disclosure shall immediately inform outside counsel for the party whose Confidential Material has thus been disclosed of all known relevant information concerning the nature and circumstances of the disclosure. The responsible party also promptly shall take all reasonable measures to ensure that no further or greater unauthorized disclosure or use of such information or materials is made. Each party shall cooperate in good faith in that effort.

18.    Termination of Access:

a.    In the event that any person or party ceases to be engaged in the conduct of this litigation, such person's or party's access to Confidential Material shall be terminated, and all copies thereof shall be returned or destroyed in accordance with the terms of Paragraph 11 hereof, except that such return or destruction shall take place as soon as practicable after such person or party ceases to be engaged in the conduct of this litigation.

b.    The provisions of this Order shall remain in full force and effect as to any person or party who previously had access to Confidential Material, except as may be specifically ordered by the Court or consented to by the Producing Party.

19.    Modification: Stipulations may be made, between Counsel for the respective parties, as to the application of this Order to specific situations (e.g., documents which are so voluminous that it would be overly burdensome to mark each page thereof individually) provided that such stipulations are recorded in writing or contained in the record of any oral proceeding. Nothing contained herein shall preclude any party from seeking an order of the Court modifying or supplementing this Order.

20.    Interim Effect: This Protective Order shall be submitted to the Court for approval

-17-

and, following approval, shall continue in effect until further order of this Court. For purpose of proceeding with discovery and any settlement discussions without delay, pending the Court's approval of this Order, any Confidential Material produced under the terms of this Order shall be protected by the parties pursuant to these terms.


_K. Tyler O'Connell_
Jeffrey L. Moyer (#3309)
K. Tyler O'Connell (#4514)
Richards, Layton & Finger
One Rodney Square
P. O. Box 551
Wilmington, Delaware 19899
302-651-7700
moyer@rlf.com
oconnell@rlf.com
  Attorneys for Sentillion, Inc.

/s/ Kenneth L. Dorsney
Richard L. Horwitz (#2246)
Kenneth L. Dorsney (#3726)
Potter Anderson & Corroon, LLP
1313 N. Market St.
P. O. Box 951
Wilmington, DE 19899
(302) 984-6000
rhorwitz@potteranderson.com
kdorsney@potteranderson.com
  Attorneys For Carefx Corp.


SO ORDERED this _____ day of _____, 2006.


_____
The Honorable Sue L. Robinson

EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SENTILLION, INC., | |
| Plaintiff and Counterclaim-Defendant, | |
| v. | Civil Action No.:  06-13 (SLR) |
| CAREFX CORP., | |
| Defendant and Counterclaim-Plaintiff. | |

### DECLARATION AND ACKNOWLEDGEMENT

I, _____, state that:

1.    My Address is

_____

_____

2.    My present employer is and the address of my present employment is

_____

_____

3.    My present occupation or job description is

_____

4.    I have received a copy of the Protective Order in this lawsuit and I have carefully read and understand the provisions of the Protective Order.

5.    I will comply with all the provisions of the Protective Order.

6.    I will hold in confidence, will not disclose to anyone not qualified under the Protective Order, and will use only for purposes of this lawsuit, any Confidential Information

and any Restricted Information that is disclosed to me.

7.      I will advise any necessary assistant of mine of the nature of any Confidential Information and any Restricted Information that I disclose to such assistant and will be responsible for assuring that such assistant complies with the same obligations of confidentiality to which I am hereby agreeing.

8.      Upon completion of my work, I will return all Confidential Information and all Restricted Technical Information that comes into my possession to counsel for the party by whom I am employed or retained.

9.      I hereby submit to the jurisdiction of this Court for the purpose of enforcement of this Declaration and Acknowledgment and the Protective Order for this Action.

10.     I declare that all statements made herein are true and accurate and understand that any willful false statement is punishable by fine and/or imprisonment.


_____
(Signature)


_____
(Printed Name)


_____
(Date)


2
RLF1-3076582-1

-2-